UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:13cr222-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER OF FORFEITURE |
| | ) | (*NUNC PRO TUNC*) |
| KESHAUN OBRIEN RHODES, | ) | |
| | ) | |
| Defendant. | ) | |

In the Bill of Indictment in this case, the United States sought forfeiture of property of the

Defendant as property that was used or intended to be used to facilitate the crimes charged,

which would be subject to forfeiture under 18 U.S.C. § 2428 and 21 U.S.C. § 853.

Defendant entered into a plea agreement; subsequently pled guilty to Count One in the

Bill of Indictment; and was adjudged guilty of the offense charged in that count. In the plea

agreement, Defendant has agreed to forfeit specific property as described below. In addition,

Defendant was sentenced on June 13, 2014, and ordered to forfeit any properties identified by

the United States. In substance, therefore, the specific property, consisting of a cell phone, was

ordered forfeited by Defendant's consent.

It is therefore ORDERED:

1. Based upon Defendant's plea of guilty and stipulated Factual Basis, the United

States is authorized to seize the following property, and it is hereby forfeited, *nunc pro tunc* as of

the date of sentencing, to the United States for disposition according to law, provided, however,

that such forfeiture is subject to any and all third party claims and interests, pending final

adjudication herein:

**One iPhone, model MD656LL/A, version 6.1.4, serial number BCG-E2599A**

2.      Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3.      Upon adjudication of third-party interests, if any, this Court will enter a final Order of Forfeiture pursuant to 21 U.S.C. ' 853(n) and Fed. R. Crim. P. 32(c)(2).

4.      If no third party files a timely claim, this Order of forfeiture shall become the final order, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

Signed: July 9, 2014

Max O. Cogburn Jr.
United States District Judge